Shqutaj v. Holder

BIA
A076 108 855

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> DENNY CHIN,
> > *Circuit Judges.*

_____

KATRINE SHQUTAJ,
> *Petitioner,*

v.                                    12-3541
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Katrine Shqutaj, Sterling Heights, Michigan (*pro se*).

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Matthew B. George, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Katrine Shqutaj, a native and citizen of Albania, seeks review of an August 15, 2012, order of the BIA, denying her motion to reopen her removal proceedings. *In re Katrine Shqutaj*, No. A076 108 855 (B.I.A. Aug. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and may only file one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Shqutaj's 2012 motion to reopen was untimely and number-barred, as the BIA issued a final order of removal in her case in 2002 and she previously filed a motion to reopen in 2003. Shqutaj contends, however, that she established changed circumstances excusing the time and number bars, including

2

her daughter's grant of asylum in 2011 and worsening conditions in Albania for Catholics and members of her political party.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Shqutaj's new evidence did not materially affect her eligibility for asylum because it did not rebut the adverse credibility determination the immigration judge ("IJ") made in her asylum hearing in 2002.  *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).  We have held that a prior adverse credibility determination does not necessarily preclude a finding of a well-founded fear of persecution when the new claim rests on a factual predicate "independent of the testimony that the IJ found not to be credible."  *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006).  Shqutaj's 2012 motion to reopen, however, primarily argued that she faced persecution on account of her anti-communist political views, which were the basis for her original asylum claim, and emphasized that her daughter had been granted asylum on the same basis as Shqutaj's prior application, without addressing how her new evidence

3

rebutted the IJ's credibility finding regarding this claim. While Shqutaj argues that the IJ's credibility finding was in error, this issue is not before us, as the BIA affirmed the IJ's decision in 2002 and Shqutaj did not petition this court for review of that decision. *See id.* at 153 ("[A] motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination.").

To the extent that Shqutaj's motion raised a new claim based on her Catholic religion, the BIA did not err in finding that Shqutaj did not submit sufficient evidence in support of this claim. While her motion asserted that she faced persecution as a Catholic, Shqutaj did not submit an affidavit or any documentary evidence establishing that she is Catholic and that she subjectively fears persecution in Albania on this basis. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (counsel's "unsupported assertions" in briefing do not constitute evidence); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (to establish a well-founded fear of future persecution, an applicant must present credible evidence that she "subjectively fears persecution and establish that [her] fear is objectively

4

reasonable." (citation omitted)). We therefore decline to reach the agency's finding that Shqutaj's evidence did not show a material change in the treatment of Catholics in Albania, as she failed to establish, as a threshold matter, that she had a subjective fear of future persecution on account of her religion. *See Ramsameachire*, 357 at 178; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5